Boris Avramski, Esq.
Nevada Bar No. 11350
Joseph W. Riccio Esq.
Nevada Bar No.: 10971
MARATHON LAW GROUP, PLLC
2012 Hamilton Ln.
Las Vegas, NV 89106
Tel.: 702-522-1808
Fax: 702-685-3625
Email: boris@marathonlawgroup.com
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| VASSIL TZEKOV, | ) |
| Plaintiff, | ) Case No.: 2:22-cv-00548-JAD-NJK |
| vs. | ) |
| GEICO GENERAL INSURANCE COMPANY (Erroneously sued as GEICO Insurance Company), an individual, DOES I through X, inclusive; and ROE CORPORATIONS I through X, inclusive, | ) **SECOND AMENDED COMPLAINT** |
| Defendants. | ) |

COMES NOW, Plaintiff, VASSIL TZEKOV, and individual, by and through his attorneys of record, Boris Avramski, Esq, and Joseph W. Riccio, Esq., of MARATHON LAW GROUP, PLLC, and amends his complaint for causes of action against the Defendant as follows:

**1.**

**JURISDICTIONAL ALLEGATIONS**

1. At all relevant times herein, Plaintiff, VASSIL TZEKOV (hereinafter "Plaintiff"), was a resident of Clark County, Nevada, and the events described herein occurred in Clark County, Nevada.

2. Upon information and belief, at all times relevant hereto, Defendant, GEICO GENERAL INSURANCE COMPANY (hereinafter "Defendant") was not a resident of the State

of Nevada and was an insurance company doing business in the State of Nevada.

3. All events giving rise to this Second Amended Complaint occurred in Clark County, State of Nevada.

4. The amount in controversy without interest and costs exceeds $75,000.00.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

6. The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants DOES I through X or ROE CORPORATIONS I through X are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.

7. Plaintiff is informed and believes, and therefore alleges that each of the Defendants designated herein as DOE or ROE is responsible in some manner for the events and happenings referred to herein and caused damages to the Plaintiff as alleged herein. Plaintiff will request leave of this Court to amend this Complaint to insert the true names and capacities of DOES I through X, as well as ROE CORPORATIONS I through X, when the same have been ascertained to join such Defendants in this action.

## II.
## GENERAL ALLEGATIONS

8. On or about December 10, 2018, Plaintiff was involved in a motor vehicle crash that involved three (3) vehicles. Plaintiff was operating a 2011 Honda Odyssey, Alfredo Alcala-Aguirre was operating a 2014 Chevy Camaro, and William Wang was operating a 2017 Honda Accord.

9. As a direct and proximate result of the above-stated motor vehicle crash, Plaintiff suffered severe injuries and was required to seek and undergo extensive medical treatments.

10. After the accident Plaintiff was transported to University Medical Center Trauma Unit.

11. Plaintiff's injuries included but were not limited to small right-sided subdural hematoma along the floor of the intracranial fossa, which required hospitalization, a mild lucency between the cement interface along the tibial component on his surgically replaced left knee joint,

and two vertebral compression fractures of L3 and L1.

12. The insurance carriers for Mr. Alcala-Aguirre and Mr. Wang both accepted full liability for the crash on behalf of their insureds and paid out the maximum amounts allowed under their respective insurance policies.

13. Mr. Alcala-Torres liability insurance policy provided coverage in the amount of $100,000.00 for each person and $300,000.00 for each occurrence.

14. Upon information and belief, Mr. Alcala-Torres liability insurance carrier placed a value on Plaintiff's damages caused by Mr. Alcala-Torres in excess of $100,000.00 and paid the policy limit to Plaintiff.

15. Mr. Wang's liability insurance policy provided coverage in the amount of $50,000.00 for each person and $100,000.00 for each occurrence.

16. Upon information and belief, Mr. Wang's liability insurance carrier placed a value on Plaintiff's damages caused by Mr. Wang in excess of $50,000.00 and paid the policy limit to Plaintiff.

17. Mr. Wang and Mr. Alcala-Torres because they caused damages to Plaintiff in excess of $150,000.00.

18. Plaintiff was at all relevant times covered under an automobile insurance policy with Geico Insurance Company, identified with policy number 4194605236 (hereinafter referred to as "Policy").

19. The Policy contained a provision for uninsured/underinsured motorist coverage for bodily injury in the amount of $100,000.00 per person and $300,000.00 per occurrence.

20. Upon information and belief Plaintiff's damages are approximately $600,000.00, which is more than the $150,000.00 he recovered from the respective insurance policies of Mr. Alcala-Torres and Mr. Wang.

21. On or about November 24, 2020, Plaintiff made a demand for payment to Defendant to recover the amount of the Policy's limits.

22. Plaintiff informed Defendant that based on the information provided to Defendant, two independent insurance carriers valued Plaintiff's damages in excess of $150,000.00.

23. At the time Plaintiff made its demand for payment to Defendant, Plaintiff's past medical expenses were in excess of $76,465.11, with estimated future medical expenses in excess of $27,318.06.

24. After accepting, reviewing, and evaluating Plaintiff's claim, Defendant concluded that Plaintiff's past medical expenses are $70,010.90, disregarded Plaintiff's estimated future medical expenses, arbitrarily and capriciously allocated $12,500.00 for Plaintiff's pain and suffering, and arrived at total value of Plaintiff's damages in the amount of $82,510.90.

25. In its denial of Plaintiff's legitimate claim under the Policy, Defendant failed to provide Plaintiff with a reasonable explanation of the basis in the insurance policy, with respect to the facts of Plaintiff's claim and the applicable law, for its decision to reduce Plaintiff's past medical expenses, to disregard Plaintiff's estimated future medical expenses, and for its valuation of Plaintiff's pain and suffering.

26. Based on the past and estimated future medical expenses, pain and suffering, and the valuation of Plaintiff's damages in excess of $150,000.00 by two independent insurance carriers, Defendant did not have reasonable basis to place a total value on Plaintiff's damages in an amount of $82,510.90 and to deny coverage for Plaintiff's claim.

27. Based on the past and estimated future medical expenses, pain and suffering, and the valuation of Plaintiff's damages in excess of $150,000.00 by two independent insurance carriers, Defendant knew or was aware that it lacked reasonable basis to place a total value on Plaintiff's damages in an amount of $82,510.90 and to deny coverage for Plaintiff's claim.

28. Based on the past and estimated future medical expenses, pain and suffering, and the valuation of Plaintiff's damages in excess of $150,000.00 by two independent insurance carriers, Defendant acted with reckless disregard as to the reasonableness of its valuation of Plaintiff's total damages and the reasonableness of its denying coverage for Plaintiff's claim.

29. Due to Defendant's oppressively low valuation of Plaintiff's damages, Plaintiff was deterred from genuinely disputing it and to engage in future negotiations.

30. Due to Defendant's oppressively low valuation of Plaintiff's damages, Plaintiff was compelled to commence this litigation.

31. Defendant's actions constitute oppression, fraud or malice, express or implied, as defend in NRS 42.001, because they were undertaken for the purpose of denying Plaintiff's legitimate claim for payment under the Policy.

### III.

### FIRST CAUSE OF ACTION

**(Breach of Contract)**

32. Plaintiff incorporates paragraphs 1 through 31 of this Complaint as though said paragraphs were fully set forth herein at length.

33. Plaintiff entered into a valid contract with Defendant, wherein Defendant agreed to, among other things, provide uninsured/underinsured motorist coverage to Plaintiff in the amount of one hundred thousand dollars ($100,000.00).

34. Plaintiff fully performed all his duties under the Policy.

35. While Plaintiff was operating his vehicle, he was an intended beneficiary under the Policy.

36. On or about December 10, 2018, Plaintiff was covered under the underinsured motorist provision as defined by the Policy.

37. The sum of Mr. Alcala-Torres's and Mr. Wang's insurance policy limits was insufficient to fully compensate Plaintiff for his damages.

38. Plaintiff demanded a payment from Defendant in the amount of the Policy's limits to be compensated for his damages.

39. Defendant breached the contract with Plaintiff by placing an unreasonable total value on Plaintiff's damages and denying coverage for Plaintiff's claim.

40. As a direct and proximate result of Defendant's breach, Plaintiff is entitled to damages in excess of $75,000.00.

41. Plaintiff has been forced to retain the services of MARATHON LAW GROUP, PLLC, to pursue these causes of action, and thus is entitled to reasonable attorney's fees and costs.

…

…

## IV.

## SECOND CAUSE OF ACTION

**(Contractual Breach of Implied Covenant of Good Faith and Fair Dealing)**

42. Plaintiff incorporates paragraphs 1 through 41 of this Complaint as though said paragraphs were fully set forth herein at length.

43. Implied in every contract in the State of Nevada is a covenant of good faith and fair dealing that requires the parties to act fairly and in good faith with each other.

44. Defendant literally complied with the terms of the contract by accepting, reviewing, and evaluating Plaintiff's claim.

45. Defendant breached its duty of good faith and fair dealing because it contravened the intention and spirit of the contract to compensate Plaintiff when he is injured by underinsured drivers. Specifically, Defendant reduced Plaintiff's medical expenses without cause, disregarded Plaintiff's estimated future medical expenses without cause, and assigned an oppressively low value to Plaintiff's pain and suffering, to intentionally suppress the total value of Plaintiff's claim below the amount he received from the third-party insurance carriers, to deny Plaintiff's legitimate claim under the Policy.

46. Plaintiff has been damaged by Defendant's breach of the implied warranty of good faith and fair dealing in an amount in excess of $75,000.00.

47. Plaintiff has been forced to retain the services of MARATHON LAW GROUP, PLLC, to pursue these causes of action, and thus is entitled to reasonable attorney's fees and costs.

## V.

## THIRD CAUSE OF ACTION

**(Tortious Breach of Implied Covenant of Good Faith and Fair Dealing)**

48. Plaintiff incorporates paragraphs 1 through 47 of this Complaint as though said paragraphs were fully set forth herein at length.

49. Defendant owed a duty of good faith and fair dealing to Plaintiff, as Plaintiff was a beneficiary under the underinsured coverage provisions of the Policy.

50. A special relationship existed between the parties because the Defendant was the

insurer of Plaintiff.

51. There was a special element of reliance between Plaintiff and Defendant, because the Defendant was in a superior or entrusted position as an insurer of Plaintiff.

52. As detailed above, without reasonable basis and proper cause, Defendant placed an oppressive value on Plaintiff's damages to suppress the amount to substantially less than what Plaintiff recovered from the third-party insurance carriers with the intent to deny Plaintiff's claim under the Policy.

53. Defendant had knowledge or awareness that it lacked reasonable basis to support its valuation of Plaintiff damages and to deny coverage for Plaintiff's claim, because the information provided to Defendant showed that two independent insurance carriers valued Plaintiff's damages in excess of $150,000.00, which makes Defendant libel to pay Plaintiff under the policy.

54. Defendant knew that it was unreasonable to reduce Plaintiff's medical expenses without cause, to disregard Plaintiff's estimated future medical expenses without cause, and to assign an oppressively low value to Plaintiff's pain and suffering, to intentionally suppress the total value of Plaintiff's claim below the amount he received from the third-party insurance carriers, with the intent to deny Plaintiff's legitimate claim under the Policy.

55. As detailed above, Defendant's breach of the covenant of good faith and fair dealing was tortious because denying coverage for Plaintiff's claim constitutes an oppressive, fraudulent, and/or malicious conduct as defined in NRS 42.001.

56. Because Defendant's tortious breach of Plaintiff's Policy's covenant of good faith and fair dealing was oppressive, fraudulent, and/or malicious, Plaintiff is entitled to punitive and/or exemplary damages.

57. Plaintiff has been forced to retain the services of MARATHON LAW GROUP, PLLC, to pursue these causes of action, and thus is entitled to reasonable attorney's fees and costs.

…

…

…

## VI.

## FOURTH CAUSE OF ACTION

### (Unfair Practices of Settling Claims)

58. Plaintiff incorporates paragraphs 1 through 57 of this Complaint as though said paragraphs were fully set forth herein at length.

59. Defendant violated Nev. Rev. Stat. VI, § 686A.310(c) by disregarding the valuation of Plaintiff's damages by two independent insurance carriers, by reducing Plaintiff's medical expenses without cause, by disregarding Plaintiff's estimated future medical expenses without cause, and by assigning an oppressively low value to Plaintiff's pain and suffering, to intentionally suppress the total value of Plaintiff's claim below the amount he received from the third-party insurance carriers, to deny Plaintiff's legitimate claim under the Policy. This constitutes failure to adopt and implement reasonable standards for the prompt investigation and processing of claims arising under insurance policies.

60. Defendant violated Nev. Rev. Stat. VI, § 686A.310(e) because denied Plaintiff's legitimate claim under the Policy when it was reasonably clear that Defendant was liable. The information provided in Plaintiff's demand for payment to Defendant makes it reasonably clear that Defendant was liable to pay Plaintiff under the Policy. In addition, using the same information provided to Defendant, two independent insurance companies placed a value on Plaintiff's damages in excess of $150,000.00, which also makes it reasonably clear the Defendant is liable to pay Plaintiff under the Policy.

61. Defendant violated Nev. Rev. Stat. VI, § 686A.310(f) because it placed an oppressively low valuation of Plaintiff's damages and denied his legitimate claim under the Policy, which deterred Plaintiff from genuinely disputing it, and compelled Plaintiff to commence this litigation.

62. Defendant violated Nev. Rev. Stat. VI, § 686A.310(n) because it failed to provide Plaintiff with a prompt reasonable explanation of the basis in the Policy, the facts of Plaintiff's claim and applicable law, for its decision to deny Plaintiff's legitimate claim.

63. Plaintiff has been damaged by Defendant's unfair practices in an amount in excess

of $75,000.00.

64. Plaintiff has been forced to retain the services of MARATHON LAW GROUP, PLLC, to pursue these causes of action, and thus is entitled to reasonable attorney's fees and costs.

**WHEREFORE**, Plaintiff, expressly reserving the right to amend this complaint prior to or at the time of trial of this action, to insert those items of damage not yet fully ascertainable, prays for judgment against Defendants as follows:

1. For general damages in an amount to be proven at trial;
2. For special damages in an amount to be proven at trial;
3. For punitive damages;
4. For reasonable attorney's fees and costs; and
5. For such other relief as the Court deems just and proper.

DATED this 27th day of May, 2022.

MARATHON LAW GROUP, PLLC

/s/Boris Avramski
Boris Avramski, Esq.
Nevada Bar No. 11350
Joseph W. Riccio Esq.
Nevada Bar No.: 10971
2012 Hamilton Ln.
Las Vegas, NV 89106
Tel.: 702-522-1808
Fax: 702-685-3625
Email: boris@marathonlawgroup.com
Attorneys for Plaintiff